**WO**                                                                                                          MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Forrest Dunbar, | No. CV 08-8024-PCT-SMM (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

**I.     Procedural History**

On February 29, 2008, Plaintiff Forrest Dunbar, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, filed a *pro se* Complaint and an Application to Proceed *In Forma Pauperis*. In a March 12, 2008 Order, the Court denied the Application to Proceed because it was filed on the wrong form and, therefore, was incomplete. The Court gave Plaintiff 30 days to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis* by a Prisoner (Non-Habeas).

On April 16, 2008, Plaintiff filed a document entitled "Emergency TRO/Injunction Re: Writ of Habeas and Supplemental Actions." On April 23, 2008, he filed a second Application to Proceed *In Forma Pauperis*. In a July 23, 2008 Order, the Court granted the second Application to Proceed, dismissed the Complaint because it was not filed on the court-approved form and was unsigned, and denied without prejudice the Emergency TRO/Injunction motion. The Court gave Plaintiff 30 days to submit a signed, first amended complaint on a court-approved form.

1 On August 11, 2008, Plaintiff filed a First Amended Complaint (Doc. #11). On August 15, 2008, he filed a "[Motion for] Injunction/TRO" (Doc. #12). On August 18, 2008, Plaintiff filed a "Discovery Motion" (Doc. #13). The Court will dismiss this action and deny the pending motions.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's First Amended Complaint will be dismissed without leave to amend because the defects cannot be corrected.

## III. First Amended Complaint

In his 22-count[1] First Amended Complaint, Plaintiff sues the following Defendants: the State of Arizona, the Yavapai County Attorney, the City of Prescott, the Prescott Police Department, the City of Prescott Board of Supervisors, John and Jane Does I-X black and white, Corporations I-X black and white, Partnerships I-X black and white, Proprietorships I-X black and white, Prescott Police Detective File, Prescott Police Detective McLane, the Arizona Department of Motor Vehicles, the Yavapai County Public Defender, Attorney Dave Stoller, and Deputy County Attorney Jaynes.

---

[1]Although the last Count in Plaintiff's First Amended Complaint is titled as "Count 24," Plaintiff has misnumbered–he omitted Counts Eleven and Twenty-Two. For convenience in discussing Plaintiff's Counts, the Court will use Plaintiff's numbering system.

- 2 -

Although the defects in Plaintiff's First Amended Complaint are numerous,[2] the most glaring defects are that all of the counts in the First Amended Complaint are either barred by the statute of limitations, by Heck v. Humphrey, or both.

### A.     Statute of Limitations

In the absence of waiver, the Court may raise the defense of statute of limitations *sua sponte*.  See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993).  See also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

In a § 1983 action, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions.  Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991).  The Arizona statute of limitations for personal injury actions is two years.  See Ariz. Rev. Stat. § 12-542(1).

Plaintiff's Complaint was filed on February 29, 2008.  Therefore, for this civil rights action to be timely, Plaintiff's claim must have accrued no earlier than February 28, 2006, two years before his Complaint was filed.  "[A] claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998) (quoting Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994)).

### B.     **Heck v. Humphrey**

In Heck v. Humphrey, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

---

[2] Among other things, Plaintiff sues fictitious defendants, defendants who are immune from suit, defendants who are not state actors, local government bodies without alleging the existence of an official county policy or custom, parties who cannot be sued in federal court without their consent, parties who are not "persons" under 42 U.S.C. § 1983; raises claims based on *respondeat superior*; and seeks relief that should be raised in a habeas corpus proceeding.

> executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (emphasis in original) (footnote omitted).

A prisoner's claim for damages under § 1983, therefore, must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. Id. Heck also bars claims of wrongful arrest, malicious prosecution, and conspiracy. See Guerrero v. Gates, 442 F.3d 697, 705 (9th Cir. 2006).

When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. Heck, 512 U.S. at 487. If it does, the complaint must be dismissed if the conviction or sentence has not already been invalidated. Id.

### C. Plaintiff's Criminal History

In order to determine which of Plaintiff's claims are barred by the statute of limitations and which are barred by Heck, it is first necessary to understand the criminal cases underlying this civil case.

Plaintiff was charged in Yavapai County Superior Court case #2002-0249 of fraudulent schemes and artifices and theft of a means of transportation. Those counts were dismissed on October 4, 2002.

Plaintiff was charged in Yavapai County Superior Court case #2003-0489 of obtaining a benefit by means of fraudulent pretenses, intent to defraud by using a forged instrument, and intent to defraud by assuming a false identity. Pursuant to a plea agreement, on November 24, 2003, Plaintiff was convicted of forgery and was sentenced to probation.

Plaintiff was charged in Yavapai County Superior Court case #2003-1256 of theft of a means of transportation. That charge was dismissed on April 16, 2004.

1    Plaintiff was charged in Yavapai County Superior Court case #2003-1284 of leaving
2 the scene of an accident involving injury, driving with a suspended license, and violating a
3 term of the probation imposed in case #2003-0489.  In addition, the State sought to revoke
4 Plaintiff's probation in case #2003-0489 based on, among other things, the indictment in
5 #2003-1284.

6    Plaintiff pled guilty to leaving the scene of an accident in case #2003-1284.  On April
7 16, 2004, the trial court delayed accepting the plea until Plaintiff's sentencing in case #2003-
8 1284.  The trial court also found that Plaintiff had violated the terms of his probation in case
9 #2003-0489. On May 10, 2004, the trial court reinstated Plaintiff's probation in case #2003-
10 0489 and sentenced Plaintiff to probation in case #2003-1284.

11    In July 2004, the State sought to revoke Plaintiff's probation based on his arrest for
12 driving with a suspended driver's license.  The trial court found that Plaintiff had violated
13 his probation in case #2003-0489 and #2003-1284.  On February 14, 2005, Plaintiff's
14 probation in case #2003-0489 and #2003-1284 was revoked and he was sentenced to two,
15 consecutive sentences of 2.5 years' imprisonment.

16    Plaintiff filed an appeal.  In a December 22, 2005 decision, the Arizona Court of
17 Appeals vacated a portion of the trial court's order (relating to the requirement that Plaintiff
18 had to pay his attorneys' fees from his prison wages) and affirmed Plaintiff's sentences.

19    **D.    Plaintiff's § 1983 claims**

20    In each of his claims, Plaintiff asserts violations of his Fourth, Sixth, and Fourteenth
21 Amendment rights.  He also asserts Eighth Amendment violations in Counts Nineteen,
22 Twenty, and Twenty-one and Fifth Amendment violations in Counts Twenty-three and
23 Twenty-four.

24             **1.    Claims regarding case #2002-0249 and #2003-1256**

25    As to case #2002-0249, Plaintiff contends that there were material omissions in the
26 presentation to the grand jury (**Count One**), the prosecution was "unfounded" (**Count Two**),
27 and there was a "fraud of contract" based on an allegedly incorrect application of Arizona's
28 motor vehicle statutes (**Count Three**).  Plaintiff also alleges that his appointed attorney was

- 5 -

ineffective **(Count Thirteen)** and that there was perjury before the grand jury (**Counts Nineteen and Twenty**).

As to case #2003-1256, Plaintiff claims that the case was based on an unfounded investigation, unfounded charges, and a material omission in the presentation to the grand jury (**Count Four**); the charges were unfounded and there were material omissions in the presentation to the grand jury (**Count Five**); and the case was a vindictive prosecution (**Count Six**) and was based on a "fraud of contract" (**Count Seven**). He also alleges that there was perjury before the grand jury (**Count Twenty-one**) and that he was forced to provide handwriting exemplars (**Count Twenty-three**).

As to case #2002-0249 *and* #2003-1256, Plaintiff contends the cases were based on a "fraud of contract" (**Count Nine**) and a "breach or mistake of contract" (**Count Ten**) and that there was a material omission of exculpatory evidence that was not presented to the grand juries in both cases (**Count Twelve**).

Case #2002-0249 was dismissed in October 2002. Case #2003-1256 was dismissed in April 2004. Plaintiff's claims regarding these cases accrued significantly more than two years before Plaintiff filed his Complaint. Therefore, these claims are barred by the statute of limitations, and the Court will dismiss them.

**2.     Claims regarding case #2003-0489**

Plaintiff asserts that the forgery charge in case #2003-0489 was fraudulent (**Count Eight**) and that his appointed attorney in that case was ineffective (**Count Fourteen**).

Here, Plaintiff's claims regarding case #2003-0489 imply that his criminal conviction or sentence was invalid. Because Plaintiff has not demonstrated that his conviction or sentence has been reversed, expunged, or declared invalid,[3] Plaintiff's claims are barred by Heck. The Court will therefore dismiss these claims.

---

[3] This Court recently denied Plaintiff's Petition for Writ of Habeas Corpus regarding case #2003-0489 and case #2003-1284. See Dunbar v. Schriro, 07-CV-8102-PCT-SMM (MEA) (June 18, 2008 Order).

### 3.     Claims regarding case #2003-489, #2003-1256, and #2003-1284

Plaintiff claims his appointed attorney was ineffective in case #2003-0489, #2003-1256, and #2003-1284 (**Count Fifteen**), his appellate attorney in those cases was also ineffective (**Count Seventeen**), the plea bargain was fraudulent or defective (**Count Eighteen**), and the plea agreement resulted in an unlawful conversion of his property (**Count Twenty-four**).

To the extent these claims relate to case #2003-1256, the Court notes that case #2003-1256 was dismissed in April 2004. Therefore, these claims are barred by the statute of limitations. To the extent they relate to the plea bargains, the only plea agreements Plaintiff discusses occurred in 2003 and 2004. Thus, claims regarding the plea agreements also are barred by the statute of limitations. Moreover, to the extent these claims relate to case #2003-0489 and #2003-1284, Plaintiff's claims imply that his convictions or sentences are invalid. Because Plaintiff has not demonstrated that his convictions or sentences have been reversed, expunged, or declared invalid, his claims are barred by Heck. The Court will therefore dismiss these claims.

### 4.     Claim regarding arrest for driving on a suspended license

Plaintiff claims the appointed attorney who represented Plaintiff regarding his arrest for driving on a suspended license was ineffective (**Count Sixteen**). Although it is unclear when Plaintiff was convicted of this offense and unclear whether this was a civil or criminal proceeding, the Court notes that it must dismiss Count Sixteen because a prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law and because a public defender representing a defendant does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981).

**IV.     Plaintiff's Motions**

In his Motion for Injunction/TRO, Plaintiff requests that the Court order the Arizona Department of Corrections to provide him with photocopying and notary services so that he can comply with future court orders regarding this case. In his Discovery Motion, Plaintiff seeks discovery so that he can obtain certain documents that will be used as evidence in this

- 7 -

1 case. The Court is dismissing this case–no discovery is required and there will be no orders
2 from the Court that will require Plaintiff to provide photocopies or notarized signatures.
3 Thus, the Court will deny these motions as moot.

4 **IT IS ORDERED:**

5     (1) Plaintiff's First Amended Complaint (Doc. #11) is **dismissed** for failure to state
6 a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment
7 accordingly.

8     (2) Plaintiff's Motion for Injunction/TRO (Doc. #12) is **denied as moot**.

9     (3) Plaintiff's "Discovery Motion" (Doc. #13) is **denied as moot**.

10     (4) The Clerk of Court must make an entry on the docket stating that the dismissal
11 for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

12 DATED this 10th day of September, 2008.

Stephen M. McNamee
United States District Judge

- 8 -